Emma L. Mediak
Luc L. Brodhead
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT 59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
elmediak@garlington.com
llbrodhead@garlington.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NATIONAL CASUALTY COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD D. ENGEL, JR.,<br><br>　　　　Defendants. | Cause No.<br><br><br>NATIONAL CASUALTY COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff NATIONAL CASUALTY COMPANY, for its Complaint for

Declaratory Judgment pursuant to 28 U.S.C. § 2201(a), states as follows:

## THE PARTIES

1. Plaintiff National Casualty Company ("NCC") is an insurance company incorporated and organized under the laws of the State of Ohio, having its principal place of business in the State of Arizona.

2. Defendant Richard D. Engel, Jr., is a natural person and an individual resident citizen of the State of Montana.

## JURISDICTION

3. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff NCC and the Defendant in the action and the amount in controversy, including the disputed amount of uninsured motorist insurance coverage available for the subject loss, as set forth below, exceeds the sum of $75,000, exclusive of interest and costs.

4. This Court has authority to declare the rights and obligations of the parties under the terms and provisions of the insurance policy at issue in this lawsuit, as provided by 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure.

5. Venue in this Court is properly premised upon 28 U.S.C. § 1391(b)(1) & (2).

# THE NCC POLICY

6. Plaintiff NCC issued commercial auto policy number RFO0001080 to Knerr, Inc., d/b/a Thompson River Redi Mix, effective from June 22, 2020, to June 22, 2021 (the "Policy"). A certified copy of the Policy with premium information redacted is attached hereto as Exhibit "1" and incorporated herein in its entirety by reference.

7. The Policy provides nonstacked uninsured motorist ("UM") coverage under the "Montana Uninsured Motorists Coverage – Nonstacked" form [CA 31 35 06 17].

8. The "Montana Uninsured Motorists Coverage – Nonstacked" form provides, in pertinent part, as follows:

### MONTANA UNINSURED MOTORISTS COVERAGE – NONSTACKED

\* \* \* \*

**Named Insured:** KNERR INC. DBA THOMPSON RIVER REDI MIX

**Endorsement Effective Date:** 06/22/2020

### SCHEDULE

**Limit of Insurance:** $1,000,000     Each "Accident"

\* \* \* \*

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

**B. Who Is an Insured**

If the Named Insured is designated in the Declarations as:

\* \* \* \*

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

\* \* \* \*

**D. Limit of Insurance**

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the Limit Of Insurance for

> Uninsured Motorists Coverage shown in the Schedule or Declarations.

* * * *

9. The "Montana Uninsured Motorists Coverage – Nonstacked" form was filed with and approved by the Montana Insurance Commissioner.

10. The rates NCC charged for both stacked and nonstacked uninsured motorist coverage at the time the Policy was issued were filed with and approved by the Montana Insurance Commissioner.

11. The rates NCC charged for nonstacked uninsured motorist coverage at the time the Policy was issued actuarily reflect nonstacked uninsured motorist coverage.

### THE ACCIDENT

12. On April 12, 2021, Defendant Richard Engel was injured in an automobile accident that occurred in Thompson Falls, Montana, and was caused by Kyle Yadon (the "Accident"). A copy of the Police Report for the accident is attached hereto as Exhibit "2."

13. Upon information and belief, Kyle Yadon was uninsured at the time of the Accident.

14. On November 22, 2022, Mr. Engel's attorney sent a letter to NCC stating, in part, that the Policy provides "a collective sum of $28,000,000.00 in

NATIONAL CASUALTY COMPANY'S COMPLAINT
FOR DECLARATORY JUDGMENT
4871-0903-9690
5

underinsured motorist coverage" for Mr. Engel in connection with the Accident. A copy of the November 22, 2022, letter from Mr. Engel's attorney is attached hereto as Exhibit "3."

15. On January 6, 2023, NCC's attorneys sent a letter to Mr. Engel's attorney stating, in part, that NCC "has determined that the Policy provides Mr. Engel with $1,000,000 in UM coverage" for the Accident. A copy of the January 6, 2023, letter from NCC's attorneys is attached hereto as Exhibit "4."

16. On January 12, 2023, Mr. Engel's attorney sent a letter to NCC's attorneys advising that he disagreed with NCC's coverage analysis and requested the production of sensitive, confidential documents supporting NCC's coverage position. A copy of the January 12, 2023, letter from Mr. Engel's attorney is attached hereto as Exhibit "5."

**FIRST REQUEST FOR RELIEF – DECLARATORY JUDGMENT AS TO AVAILABLE UM COVERAGE**

17. NCC incorporates by reference paragraphs 1 through 16 of this Complaint as if set forth fully herein.

18. An actual controversy has arisen between NCC and Defendant Engel regarding the amount of UM coverage available under the Policy to Mr. Engel for the Accident, and there exists a bona fide, actual, present and practical need for a declaration regarding that amount.

19. Based upon the foregoing facts and Policy language, NCC contends that the limit of UM coverage available under the Policy to Mr. Engel for the Accident is $1,000,000.

20. NCC and the Defendant have a present, actual, and antagonistic controversy in the subject matter described herein.

21. Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of Plaintiff NCC and the Defendant. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

22. The declaration requested in Count I pertains to a present, ascertainable set of facts and controversy between the parties.

## CLAIM FOR RELIEF

23. Based upon the foregoing facts and the attached exhibits, there presently exists a justiciable controversy as to the amount of UM coverage available under the Policy to Mr. Engel for the Accident.

Accordingly, Plaintiff NCC respectfully requests the following relief:

(1) That the Court declare that the limit of UM coverage available under the Policy to Mr. Engel for the Accident is $1,000,000;

(2) That the Court grant other and further relief as this Court deems just and proper.

DATED this 17th day of January, 2023.

/s/ Emma L. Mediak
Attorneys for Plaintiff