IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NATIONAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD D. ENGEL, JR.,<br><br>Defendant. | CV 23–9–M–DLC<br><br>ORDER |

Before the Court is Defendant Richard D. Engle, Jr.'s ("Engel") motion to dismiss for lack of subject matter jurisdiction. (Doc. 6.) The Court held a hearing on the motion on December 13, 2023. (Doc. 18.) For the reasons herein, the motion to dismiss is granted and this matter is dismissed without prejudice.

## BACKGROUND

On April 12, 2021, Engel was injured in an automobile accident caused by an uninsured driver. (Doc. 8 at 8.) At the time of the accident, Engel was covered by National Casualty Company ("NCC") commercial auto policy number RFO0001080, which was issued to Knerr, Inc., d/b/a Thomson River Redi Mix for coverage from June 22, 2020, to June 22, 2021 ("the Policy"). (*Id.*)

On November 22, 2022, Engel's counsel sent a letter to NCC providing notice of the accident and requesting confirmation of available insurance coverage.

1

(Doc. 1-3.)  Counsel wrote that Engel had "suffered serious injury" and that, at the time the letter was drafted, Engel was "still in the process of being treated and [had] not yet reached medical improvement."  (*Id.* at 2.)  Counsel further explained that Engel was simply seeking to confirm available insurance coverage and that in reviewing the Policy, "it appears that [NCC] has charged premiums for 28 separate $1,000,000.00 underinsured motorist coverages," providing for "a collective sum of $28,000,000.00 in underinsured motorist coverage available to cover the underinsured claims of [Engel] under the policy identified above."  (*Id.* at 1–2.)  Counsel requested that NCC either confirm the sum of $28,000,000.00 in available coverage or provide a detailed explanation as to what amount NCC believed was available.  (*Id.* at 3.)  In closing, counsel stated, "[t]o be clear –I am not asking you to commit the insurer *owes* that amount. I am just looking for confirmation of the *coverage* limits."  (*Id.*)

On January 6, 2023, counsel for NCC responded to the November 22 letter. (Doc. 1-4.)  Counsel clarified that the applicable coverage under the policy would be uninsured motorist coverage, as opposed to underinsured motorist coverage. (*Id.* at 1.)  Counsel further stated that the coverage is not stackable, and therefore NCC would "not be responsible for the payment of any amount exceeding the $1,000,000 limit."  (*Id.* at 3.)

On January 11, 2023, Engel's counsel responded to the January 6 letter and

2

stated that he was "in receipt of [NCC's] coverage denial letter."  (Doc. 1-5.)  Engel's counsel requested actuarial data supporting NCC's statement regarding coverage limits, as well as copies of the referenced rate filings and approvals.  (*Id.* at 1.)

On January 17, 2023, NCC commenced this action against Engel seeking a declaratory judgment that the limit of UM coverage available under the policy to Engel for the accident is $1,000,000.  (Doc. 1 at 7.)  In response, Engel filed the present motion to dismiss.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) governs a motion to dismiss for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  "In considering jurisdiction questions, it should be remembered that 'it is a fundamental principle that federal courts are courts of limited jurisdiction.'"  *Stock W., Inc. v. Confederated Tribes of Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)).  "In reviewing a [Rule 12(b)(1)] motion to dismiss for lack of jurisdiction, the [C]ourt takes the allegations in the plaintiff's complaint as true."  *Wolfe v. Strankman*, 392 F.3d 358, 360 (9th Cir. 2004).  "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of

proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

## Discussion

NCC brings this action under The Declaratory Judgment Act, which provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994) (citing 28 U.S.C. § 2201(a)). The Declaratory Judgments Act's ripeness requirement "is identical to the Article III's constitutional case or controversy requirement." *Id.* To meet the standard, "the facts alleged, under all circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). "The disagreement [underlying the declaratory relief action] must not be nebulous or contingent but must have taken on a fixed and final shape so that a court can see what legal issues it is deciding, what effects its decision will have on adversaries, and some useful purposes to be achieved in deciding them." *Rhoades v. Avon Prods.*, 504 F.3d 1151, 1157 (9th Cir. 2007). "Absent such an actual case or controversy, a declaratory judgment [is] . . . an unconstitutional

advisory opinion." *Bateman v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. CV-08-96-M-DWM, 2009 WL 116958, at *3 (D. Mont. Jan. 15, 2009).

Engel argues that NCC's complaint does not establish the existence of an actual case or controversy, and thus, the Court lacks subject matter jurisdiction. (Doc. 7 at 1–2.) According to Engel, the complaint does not allege that Engel submitted a claim or settlement demand, nor does it allege that the insurer believes the claim to have value exceeding $1 million; therefore, the question of whether coverage is stackable is "a purely hypothetical opinion" that "fails to establish an actual case or controversy invoking [the] Court's subject matter jurisdiction." (*Id.* at 3–5.)

In response, NCC contends that there is a real and substantial controversy regarding whether the policy limits are stackable and that resolution of the dispute "will facilitate settlement and enable NCC's compliance with its duties under Montana Law." (Doc. 8 at 13, 22.) NCC presents that "numerous federal courts have exercised jurisdiction in the precise circumstances presented here, where a dispute exists regarding available policy limits, but the underlying claim remains pending and unresolved." (Doc. 8 at 13–14.)

The Court believes the cases cited by NCC are distinguishable. For example, in *Atlanta Casualty Insurance Company v. Right Way Auto Sales, LLC*, the court found that it had jurisdiction over a dispute between an insurance

5

company and an insured where the insured had been sued for injuries sustained by a plaintiff in a separate action, and the insurance company was paying the defense costs in the underlying action. No. 2:21-CV-194-JPK, 2022 WL 910560, at *1 (N.D. Ind. Mar. 29, 2022). Similarly, in *Bankers Trust Company v. Old Republic Insurance Company*, the court asserted subject matter jurisdiction where a plaintiff sought a declaratory judgment that an insurer was liable to indemnify its insured, who was the defendant in an underlying tort action. 959 F.2d 677, 680 (7th Cir. 1992). Likewise, the court in *Arch Insurance Company v. Fontana Union Water Company* exercised subject matter jurisdiction over the claim an insurance company brought against its insured where the insurance company sought a declaration regarding its duty to defend and indemnify the insured in an underlying lawsuit. *Arch Ins. Co. v. Fontana Union Water Co.*, No. EDCV 16-1790-VAP (KKx), 2016 WL 11525899, at *1, *3 (C.D. Cal. Dec. 9, 2016). None of these cases present the precise circumstances presented here.

NCC also cites this Court's opinion in *Western National Mutual Insurance Company v. Rainbow Ranch Holdings*. (Doc. 17 at 1–2.) In *Rainbow Ranch*, Chief Judge Brian Morris concluded that a declaratory judgment action regarding available policy limits constituted a justiciable controversy because the insurance carrier "need[ed] to know the available policy limits to satisfy its duties [to the insured and the claimant] under the UTPA." No. CV-23-05-BU-BMM, 2023 WL

8018558, at *4 (D. Mont. Nov. 20, 2023). But there, the insurance company had already tendered what it believed to be the policy limit under the relevant policy and sought a declaration from the Court that a state court action against its insureds alleged a single occurrence. *Id.* at 1. The Court found that the case presented a justiciable controversy because "[the insurance company] need[ed] the Court to construe the policy language on 'occurrence' to determine the appropriate policy limits." *Id.* at 4. This is distinguishable from the present matter because NCC has not tendered what it believes to be the policy limit for Engel's injuries. Indeed, it is possible that Engel's claim will not exceed $1,000,000, rendering this dispute completely gratuitous.

    NCC does not cite to, and the Court is unaware of, any authority supporting NCC's position that this matter is a ripe case or controversy even though no claim has been tendered, there has been no settlement demand, and there is no request to defend or indemnify in an underlying action. The Court finds that the facts alleged, taken as true, do not establish that the controversy between the parties is "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co.*, 312 U.S. at 273. The disagreement between the parties is neither "fixed [nor] final," but rather "nebulous and contingent" on the assumption that Engel will tender a claim in excess of the single unstacked $1,000,000 policy limit. NCC has not met its burden to establish that the Court has

7

subject matter jurisdiction over this action.

## CONCLUSION

Accordingly, IT IS ORDERED that the motion to dismiss (Doc. 6) is GRANTED.

IT IS FURTHER ORDERED that the above captioned matter is DISMISSED WITHOUT PREJUDICE.

DATED this 9th day of January, 2024.

*[signature]*
Dana L. Christensen, District Judge
United States District Court